# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CEDRIK TUJIBIKILA,**

    **Plaintiff,**

  v.            Case No. 19-CV-193

**RN AMY, et al.,**

    **Defendants.**

## ORDER

Plaintiff Cedrik Tujibikila, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This matter comes before the court on Tujibikila's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint. (ECF Nos. 1 and 2.)

*Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act ("PLRA") applies to this action because Tujibikila was incarcerated when he filed this complaint. 28 U.S.C. § 1915. The law allows an inmate to proceed with his or her lawsuit in federal court without pre-paying the $350 filing fee. *Id*. The inmate must comply with certain requirements, one of which is to pay an initial partial filing fee. *Id*.

On April 2, 2019, the court assessed an initial partial filing fee of $3.34. (ECF No. 13.) Tujibikila paid that amount on May 13, 2019. Accordingly, the court will grant Tujibikila's motion to proceed without prepayment of the filing fee. He must

pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Complaint's Allegations*

Tujibikila states that defendants "Amy RN," "Angela Nurse," and "Christin Nurse" of the Kenosha County Detention Center were deliberately indifferent to his serious medical needs on January 4, January 22, and January 27, 2019. (ECF No. 1 at 2.) The only specific information he alleges regarding the defendants' deliberate indifference is that it was "because of medical malpractice." (*Id.*) He does not provide any facts regarding his medical needs or any details regarding the actions that the defendants allegedly did or did not take.

*Analysis*

Tujibikila claims that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs. However, he does not provide any facts supporting his claims. Without any facts, the court cannot determine whether Tujibikila states a claim upon which relief can be granted. Thus, Tujibikila cannot proceed on his complaint.

However, he may file an amended complaint that provides facts and details to support his claim that the defendants were deliberately indifferent to his serious medical needs. In his amended complaint, Tujibikila should provide the court with enough facts to answer the following questions: 1) who specifically violated his constitutional rights?; 2) how did each person violate his rights?; 3) where did each person violate his rights?; and, 4) when did each person violate his rights? Specifically, for each incident, Tujibikila should provide details about his medical

needs on that date and explain how the defendants were deliberately indifferent to them. If Tujibikila does not know the name of a particular defendant who allegedly violated his rights, he may identify him or her as "John Doe" or "Jane Doe." If the court determines that the amended complaint states a viable claim and may proceed, Tujibikila will have an opportunity to conduct limited discovery to determine the names of any John or Jane Doe defendants.

The court will enclose a copy of the complaint form and instructions. Tujibikila should write the word "AMENDED" in front of the "COMPLAINT" at the top of the first page and then put the case number for this case—19-cv-193—in the field for "Case Number." He must list all of the defendants that he intends to sue in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe what each defendant named in the caption of the complaint committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Tujibikila cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Tujibikila files the amended complaint by the deadline specified below, the court will screen it under 28 U.S.C. § 1915A. If he does not want to proceed with the case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the court why he is unable to do so), the court

4

will conclude that he no longer wishes to proceed with this case and will dismiss the case without prejudice.

**ORDER**

**IT IS THEREFORE ORDERED** that Tujibikila's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that, if Tujibikila wants to proceed with this case, he must file an amended complaint consistent with this Order by **July 3, 2019**. If Tujibikila does not file an amended complaint by the deadline (or explain why he is unable to do so), the court will conclude that he no longer wishes to pursue this case and will dismiss it without prejudice based on his failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of Tujibikila shall collect from his in his institution trust account the **$346.66** balance of the filing fee by collecting monthly payments from Tujibikila's prison trust account in an amount equal to 20% of the preceding month's income credited to Tujibikila's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Tujibikila transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Tujibikila's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Tujibikila is confined.

**IT IS FURTHER ORDERED** that Tujibikila shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises Tujibikila that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2019.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge