# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CEDRIK TUJIBIKILA,**

        **Plaintiff,**

  v.                                          Case No. 19-CV-193

**RN AMY, et al.,**

        **Defendants.**

## ORDER

On June 3, 2019, the court screened *pro se* plaintiff Cedrik Tujibikila's complaint and directed him to file an amended complaint clarifying his claims. (ECF No. 16.) Tujibikila also has a case before Judge William C. Griesbach, where he was similarly ordered to file an amended complaint. *Tujibikila v. Corporal Neaf et al.*, 19-cv-00192-WCG (E.D. Wis. 2019). Tujibikila filed amended complaints in both cases, one on June 28, 2019, and one on July 1, 2019. However, it appears that he misfiled his amended complaints in both cases, filing the first page for case 19-cv-192 in conjunction with the remaining pages of the complaint for case 19-cv-193 (the case before this court) and vice versa. As a result, the Clerk has switched the first pages of the two amended complaints so they are filed in the appropriate cases and refiled the amended complaints. The court will now screen Tujibikila's amended complaint in this case.

*Screening of the Complaint*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–*

*Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally, and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Amended Complaint's Allegations*

Tujibikila states that defendants "Amy RN," "Angela Nurse," and "Christine" of the Kenosha County Detention Center were deliberately indifferent to his serious medical needs. In order to give context to Tujibikila's allegations, the court is taking judicial notice of his amended complaint in case 19-cv-192 pursuant to Federal Rule of Evidence 201. In that case, Tujibikila states that officers at Kenosha County Detention Center "authorized chemical agents to be used without removing [him]," which caused him to cough up blood. *Tujibikila v. Neaf et al.*, 19-cv-192-WCG, ECF No. 22 at 2-3 (E.D. Wis. 2019).

In the complaint before this court, Tujibikila alleges that Christine, a nurse at the Detention Center, took from him a "specimen bottle full of blood that the plaintiff was coughing" into. (ECF No. 18 at 3.) He gave this to Christine, "in hope that [he] would be seen immediately" (presumably by health services staff) because he "was coughing up too much blood." (*Id.*) Tujibikila also alleges that Amy, an RN and supervisor at the Detention Center, tampered "with the specimen of blood" that he provided and "failed to follow policies and procedures in doing so." (*Id.* at 2.) Finally, he states that Angela, a nurse at the Detention Center, between January 2

3

and February 8 (year unspecified), "denied and delayed proper medical treatment for the plaintiff's serious medical needs." (*Id.*)

*Analysis*

Tujibikila claims that the defendants violated his Eighth Amendment rights. Prison officials' actions violate the Eighth Amendment when they are deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Tujibikila may proceed on an Eighth Amendment claim against all defendants that they were deliberately indifferent to his serious medical needs. He alleged an objectively serious condition—coughing up blood as a result of chemical agents being deployed. A condition is objectively serious when "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (quotations omitted).

Turning to the second prong (deliberate indifference), the court notes that Tujibikila's allegations are fragmented and require the court to draw some inferences. But, considering the court's mandate to liberally construe the pleading, Tujibikila alleges enough at this stage in the litigation to show that the defendants were deliberately indifferent to his coughing up blood. To show deliberate indifference, a plaintiff has to allege the defendant knew about the serious medical condition, the

4

risk it poses, and then disregarded that risk. *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014).

For defendant Christine, Tujibikila alleges that she knew about his condition because he gave her the blood sample. Also, his phrase "in hopes that he would be seen" suggests that Christine did not arrange for him to be examined after giving her the sample. For defendant Amy, he alleges she was aware of the blood sample and that she did something with it, the inference being that whatever she did prevented him from receiving treatment. For defendant Angela, he uses the phrase "serious medical need" as a short-hand to refer to coughing up blood and alleges that she denied and delayed proper treatment for it.

**ORDER**

**IT IS THEREFORE ORDERED** the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 18) and this order upon defendants RN Amy, Nurse Angela, and Nurse Christine of the Kenosha County Detention Center pursuant to Federal Rule of Civil Procedure 4. Tujibikila is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Tujibikila information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants RN Amy, Nurse Angela, and Nurse Christine of the Kenosha County Detention Center shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Tujibikila is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Tujibikila is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 29th day of July, 2019.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge