UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CEDRIK TUJIBIKILA,

    Plaintiff,

v.                                       Case No. 19-C-193

AMY ALLYN et al.,

    Defendants.

## DECISION AND ORDER

On March 19, 2020, Defendants filed a motion to compel Plaintiff's response to certain discovery requests or, alternatively, to dismiss this action due to Plaintiff's failure to prosecute it diligently. Dkt. No. 44. To date, Plaintiff has not responded to this motion nor sought leave from the court for an extension of time. In addition, he appears to have refused to cooperate with Defendants' discovery requests, due in January 2020, despite multiple telephone calls and written exchanges with Defendants' counsel regarding such requests in February 2020. For the reasons that follow, Plaintiff's action will be dismissed due to his failure to diligently prosecute it.

This lawsuit is related to events alleged in another civil action filed by Plaintiff before this court where he claims prison officials sprayed chemical agents on him that caused him to cough up blood. *See* 19-C-192, Dkt. No. 49. In the complaint for this action, Plaintiff alleged that the nurse defendants failed to treat his injuries. He gave one of the nurse defendants a bottle full of blood he had coughed up to show he needed treatment and alleged that another one of the nurse defendants tampered with his blood specimen. Dkt. No. 19. In a screening order entered on July 29, 2019, Magistrate Judge William E. Duffin allowed Plaintiff to proceed on Eighth Amendment deliberate indifference claims against each Defendant. *Id*.

On December 27, 2019, Defendants' counsel mailed Plaintiff written discovery requests consisting of requests for admission, interrogatories, and requests for document production. Dkt. No. 45. One month later, Plaintiff had yet to return these discovery requests and on February 12, 2020, Defendants' counsel contacted Plaintiff by telephone to discuss. *Id.* at ¶ 3. During this telephone call, Plaintiff told counsel that written responses were in the mail, as well as signed HIPAA authorizations; Plaintiff said he would also send copies of these documents by fax. *Id.* at ¶ 4. Defendants' counsel received Plaintiff's signed HIPPA authorization by fax on February 13, 2020, but did not receive any written discovery responses by fax. *Id.* at ¶ 5. Nor did Defendants' counsel receive the documents by mail as promised by Plaintiff. *Id.*

Defendants' counsel again followed-up with Plaintiff by telephone on February 20, 2020. *Id.* at ¶ 6. During this call, Plaintiff stated that he did not know how to avoid his responses being used against him and informed Defendants' counsel that he was going to withhold his responses until Defendants responded to Plaintiff's discovery requests. *Id.* at ¶ 7. Defendants had raised objections to Plaintiff's discovery requests, but Plaintiff had not previously disputed Defendants' objections. *Id.* at ¶ 8.

While Plaintiff's discovery responses remained outstanding, Plaintiff sent a letter on February 22, 2019, advising Defendants' counsel that he would not respond to discovery "because you have not provided me with any proper documents that's adequately [sic] for me to prepare for the responses." Dkt. No. 45-3. Plaintiff also indicated that he would compel documents Defendants' counsel indicated were not relevant to the case. *Id.* Despite these statements, Plaintiff has not shared any specific objection with respect to Defendants' discovery requests. Dkt. No. 45 at ¶ 10. To date, no motion to compel has been filed by Plaintiff in this action. Plaintiff has also failed to respond to the court's order in his other action that he respond to Defendants' motion to

2

compel filed in that lawsuit within twenty days (nor has he requested an extension of time to do so). *See* 19-C-192, Dkt. No. 71.

Civil L.R. 41 provides that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." Although Plaintiff is litigating his own case, his *pro se* status does not mean he can ignore court orders. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are *pro se* must follow court rules and directives."). Rule 37(d) of the Federal Rules of Civil Procedure provides for sanctions, including dismissal, where a party fails to respond to interrogatories or a request for inspection. Fed. R. Civ. P. 37(d)(1)(A)(ii). This rule makes clear that a failure to respond "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Factors suggested by the Seventh Circuit for district courts to consider when dismissing a case under Rule 41(b) include:

> 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; 5) the likely merits of the wrongdoer's case.

*Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000) (unpublished) (citing *Ball v. City of Chicago*, 2 F.3d 752, 755–58 (7th Cir. 1993)).

The court has already warned Plaintiff of the possibility of dismissal if he fails to comply with the court's orders and directives. The court's scheduling order informed Plaintiff that all discovery should be completed by February 10, 2020, and advised Plaintiff that "failure to make a timely submission or otherwise comply with the court orders may result in the dismissal of this action for failure to prosecute." Dkt. No. 37 at 2. Not only has Plaintiff failed to comply with

3

Defendants' discovery requests, he has also not responded to Defendants' motion to compel discovery, or alternatively, dismiss this action for failure to prosecute.  While the court may do so, it is not required to provide additional warnings to Plaintiff before dismissing his case.  *See, e.g.*, *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) ("Were district courts required to warn litigants before dismissing a case, we would in effect be granting each litigant one opportunity to disregard the court's schedule without fear of penalty regardless of the harm done to other litigants. Such a rule would impermissibly burden the district courts in their efforts to manage their dockets.").

Plaintiff has also failed to heed warnings from Defendants' counsel that his conduct violated the Federal Rules of Civil Procedure.  Defendants' counsel specifically warned Plaintiff he was in violation of the requirement to respond to written discovery within 30 days pursuant to Fed. R. Civ. P. 33 on at least three occasions: by telephone on February 22, 2020, and by mail on March 2 and March 18, 2020.  Dkt. No. 45 at 2–3.  These warnings also put Plaintiff on notice that his actions violated the court's rules.  *See Fischer*, 446 F.3d at 666 ("The purpose of requiring a warning is not to entrap district judges but to make sure that the plaintiff is warned. The warning need not . . . always come from the judge. This is a general principle of law, not anything special to dismissals for want of prosecution.").

Not only has Plaintiff failed to cooperate with discovery despite these warnings, but Plaintiff has demonstrated he intended not to comply.  According to Defendants' counsel, Plaintiff appears to be withholding discovery as a litigation tactic (to force Defendants to respond to his requests over their objections, Dkt. No. 45 at ¶ 9) and reiterated this stance in writing to Defendants.  Dkt. No. 45-3.  Defendants' counsel also advised Plaintiff that this tactic did not comply with the Federal Rules of Civil Procedure.  Dkt. No. 45 at ¶ 9.  As he has not raised specific

4

objections to Defendants' discovery requests, Plaintiff's failure to cooperate with Defendants appears intentional, not borne out of confusion or error. This lack of cooperation inhibits Defendants' ability to defend their own case, burdening both them and the court's ability to manage its docket.

The court will dismiss Plaintiff's action for his failure to prosecute it diligently. The court will not compel Plaintiff to comply with discovery by court order or issue additional warnings at this point. There is little value in lesser sanctions or additional warnings based on Plaintiff's demonstrated unwillingness to cooperate with Defendants or heed previous warnings about the court's rules.

The court therefore **GRANTS** Defendants' motion to dismiss (Dkt. No. 44) and dismisses Plaintiff's action without prejudice for failure to prosecute. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court